## MOUNT v. LOUISVILLE & N. R. CO.

(Circuit Court of Appeals, Fifth Circuit. March 6, 1923.)

No. 3631.

**1. Carriers ⨀133—In action for damages from fire set by locomotive, evidence as to insurance by plaintiff inadmissible, in absence of showing that he set the fire or was negligent.**

In an action against a railroad company for destruction of a carload of household goods and merchandise, by fire alleged to have been caused by sparks from a passing locomotive, evidence that plaintiff had or thought he had considerable insurance on the property destroyed was improperly admitted, in the absence of any evidence indicating that plaintiff set the car on fire, or that he did not use reasonable diligence in extinguishing the fire.

**2. Carriers ⨀137—Instructions in action for damages by fire held erroneous.**

In an action against a railroad company for damages to goods and merchandise set on fire, while being unloaded, by sparks from a passing locomotive, instructions that plaintiff could not recover if he, or his agent in charge of the unloading, knew of the danger and probability of destruction from the emission of sparks and negligently failed to extinguish them, *held* erroneous, as not drawing a distinction between goods which were destroyed before such sparks could have been extinguished by the exercise of ordinary diligence, and such goods as were thereafter destroyed, and as not confining the defense to such goods as were destroyed after the failure of the plaintiff to extinguish the fire.

**3. Carriers ⨀137—Instructions predicated on plaintiff's negligence in not extinguishing fire set by sparks from passing locomotive erroneous, as not supported by evidence.**

In an action for damages to household goods and merchandise destroyed by fire while being unloaded from a car, where the evidence showed that the initial fire had been apparently completely extinguished, and plaintiff's testimony tended to substantiate his theory that the subsequent fire was caused from an unperceived part of the initial fire, and there was no evidence from which it could be inferred that plaintiff was negligent in not extinguishing the fire, instructions predicated on such negligence were erroneous, as not supported by the evidence, and were prejudicial.

In Error to the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

Action at law by G. A. Mount against the Louisville & Nashville Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

B. G. Farmer and A. K. Merrill, both of Dothan, Ala. (W. W. Sanders, of Elba, Ala., and Farmer, Merrill & Farmer, of Dothan, Ala., on the brief), for plaintiff in error.

R. H. Arrington and A. H. Arrington, both of Montgomery, Ala., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. G. A. Mount, plaintiff in error and plaintiff in the court below, on May 24, 1916, delivered to the Louisville & Nashville Railroad Company, defendant, a carload of household goods and merchandise, to be transferred from Enterprise, Ala., to Kinston,

Ala. The car reached Kinston on May 30, 1916. It was placed on a side track, and plaintiff began unloading the same about 3:30 to 4 o'clock in the afternoon, and continued until supper time. About 8 o'clock in the evening, after supper, a locomotive of defendant drawing a passenger train, composed of a baggage car and two coaches, reached the station, and stopped there; the engine being about 12 or 15 feet from the car of goods, the door of which was open. It started therefrom and shortly thereafter a fire was discovered in the car of goods. There was testimony to the effect that in starting the engine emitted an unusual quantity of sparks and of unusual size. This was denied by the defendant's witnesses. The fire was apparently extinguished. Persons remained about the car until 11 o'clock that night. What, if any, damage was done to the contents of the car by this initial fire is not disclosed by the evidence. Plaintiff testified that, when he left the car, about 11 o'clock, he closed the door. A second fire broke out in the car at 1 o'clock, by which it was entirely destroyed, with the exception of three wagon loads of goods removed in the afternoon.

The case was tried on an amended complaint containing three counts. The first claimed damages for the failure to deliver certain property, to wit, household goods and merchandise, received by the defendant as a common carrier to be delivered at Kinston. The second count claimed that the defendant negligently, by or through its agents, servants, or employees, set fire to and destroyed said enumerated household goods and merchandise. The third count claimed that the defendant negligently set fire to and destroyed said goods by reason of sparks emitted from an engine or locomotive run or operated by the defendant, its servants or agents.

The defendant pleaded the general issue to the three counts, and to counts 2 and 3 certain pleas of contributory negligence in failing to extinguish said fire after its discovery. The jury found a verdict for the defendant and judgment accordingly was entered. On the trial the plaintiff introduced evidence from which it might have been found by the jury that the fire was caused by the negligent emission of sparks by defendant's locomotive; that the fire was apparently extinguished, with but little damage to plaintiff's property; that it again broke out and destroyed said property. Evidence was also introduced from which the jury might have found that the fire was wholly extinguished, and that the latter fire was not a mere recurrence of the first.

There was no evidence from which it could be properly inferred that the plaintiff was guilty of negligence in not apparently fully extinguishing the initial fire. Both plaintiff's and defendant's witnesses testified that to all appearances the fire had been entirely extinguished. On the trial of the case, the defendant, over plaintiff's objection, proved by plaintiff that he had (as he thought) $3,000 of insurance on the property, and he notified the company of the loss, and an adjuster attended, and that the loss was settled. On redirect examination, he testified that the insurance had been taken on these goods located at Enterprise, and had lapsed by reason of their removal, and that he collected nothing from the insurance. The objection urged was that

the existence of the insurance, or a collection thereof, could not affect the liability of the railroad company, if the goods had been destroyed through its negligence, or breach of duty as a carrier. The court overruled the objection and admitted the testimony. Plaintiff excepted, and now assigns error.

[1] The evidence offered does not appear to have been admissible under the issues as they were developed. There was no evidence indicating any willful setting on fire of this car by the plaintiff, and, standing alone, this evidence as to the supposed existence of insurance was not sufficiently connected to be admissible. There was no evidence of any want of promptness in plaintiff in endeavoring to extinguish the initial fire, or want of ordinary care in extinguishing the same, and we think the connection between the existence of insurance and the charge of contributory negligence is not sufficiently close to render the same relevant to the issue raised by the pleadings, especially as in this case there would seem to be no evidence that plaintiff did not exercise all ordinary diligence in extinguishing the fire after undertaking so to do. It cannot be said that the admission of this evidence was harmless, and not likely to prejudice the plaintiff. We therefore think its admission was error.

[2] The court, at the request of defendant, gave to the jury the following charge, which was duly excepted to by the plaintiff:

"If you are reasonably satisfied from all the evidence in this case that plaintiff saw the engine pass near his goods emitting sparks, and that he knew that such sparks would likely or probably set fire to his goods, and he could have extinguished such sparks as might have fallen on his said goods, and that a reasonably prudent man would have done so, but negligently failed to do so, then you must find for the defendant on counts 2 and 3, even though you are reasonably satisfied from the evidence that such sparks proximately caused the fire."

This charge failed to draw any distinction between goods which were destroyed before such sparks could have been extinguished by the exercise of ordinary diligence and such goods as were thereafter destroyed. If the facts therein stated were found by the jury to exist, it directed them to find for the defendant. The plaintiff was not bound to apprehend that his goods would be set on fire by the emission of sparks from an engine of defendant, and no duty rested upon him to extinguish such sparks until it became evident that they had fallen on his said goods and he had the opportunity of extinguishing. Even if the charge was otherwise correct as applied to the facts of this case, it was error because it did not confine the defense to such goods as were destroyed after the failure of the plaintiff to extinguish the fire.

For the like reason there was error in a similar charge to the effect that, if the jury were reasonably satisfied that one Mosley, plaintiff's agent in charge of said goods, assisting in the unloading thereof, saw the engine pass near said goods, emitting such sparks as would probably set them on fire, which he could have extinguished, but failed to do what a reasonably prudent man would have done, plaintiff could not recover on counts 2 and 3.

The court also, at defendant's request, gave to the jury the follow-

ing charge, to which plaintiff also duly excepted; and on which error is assigned:

"If you are reasonably satisfied from the evidence that plaintiff knew that sparks were being emitted from a passing engine that would likely or probably set fire to his goods, and that he failed thereafter to exercise reasonable diligence to extinguish the sparks that might have fallen on his said goods, you cannot find a verdict for the plaintiff on counts 2 and 3 of the complaint."

We think this charge was error, for the same reasons as are above given in regard to the other two charges above mentioned.

[3] The court, at defendant's request, charged the jury as follows, to which plaintiff duly excepted, and which he assigns as error:

"If you are reasonably satisfied from all the evidence in this case that, after plaintiff's goods caught fire from the sparks emitted from defendant's locomotive, he undertook to extinguish the fire and did succeed in getting the same under complete control, and thereafter could, by the exercise of reasonable diligence, have absolutely extinguished the fire entirely, then the plaintiff is not entitled to recover for such of his goods that may have been burned or damaged after his negligent failure to completely extinguish said fire, provided the goods had been delivered to Mount."

And also:

"If you are reasonably satisfied from all the evidence that plaintiff was negligent in not completely extinguishing the fire that was burning his goods after he had gotten the fire under control, then you cannot find a verdict for plaintiff for value of goods burned after his negligent failure so to do, under counts 2 and 3 of the complaint."

There was no evidence in the record from which the jury could legally infer that plaintiff was negligent in not completely extinguishing the first fire. The evidence of both the plaintiff and defendant was to the effect that every one supposed the initial fire had been extinguished; that there was no sign of existing fire. Therefore, upon the theory that the subsequent fire was caused from an unperceived part of the initial fire which remained unextinguished, there was no evidence from which it could be inferred that its nondiscovery was due to a want of ordinary diligence on the part of plaintiff. A charge which is not supported by the evidence introduced is error. James Stewart & Co. v. Newby (C. C. A.) 266 Fed. 287, 291. It is unnecessary to say that the above charges, if erroneous, were harmful.

It is not intended by anything that is herein said to express an opinion that the fire which destroyed plaintiff's goods was due to the initial fire kindled by sparks from the defendant's engine, or whether it occurred from an independent cause for loss from which defendant is not liable; but we are of the opinion that, because of the errors above stated, a new trial should be had in this case.

The judgment of the District Court is reversed, with instructions to grant a new trial.